IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

PATRICK LLOYD WARNER,

        Plaintiff,

  v.

HERBERT MANDELL,[1] *et al.*,

        Defendants.

Civil Action No.
3:15-CV-0807 (LEK/DEP)

APPEARANCES:

FOR PLAINTIFF:

PATRICK LLOYD WARNER, *Pro se*
1803 Tracy Street
Endicott, NY 13760

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

---

[1] This defendant is identified in the caption of plaintiff's complaint as "Hertbert Mandell." Dkt. No. 1 at 1. In the body of the pleading, however, he is referred to as "Herbert Mandell." *See, e.g., id.* at 3. The clerk is respectfully directed to adjust the court's records to correct this apparent typographical error.

## ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Patrick Lloyd Warner, a former employee at a Wal-Mart retail outlet in Vestal, New York, has commenced this action against four former co-workers employed at the same store alleging that they contributed to the existence of a hostile work environment. Plaintiff's complaint is accompanied by an application for leave to proceed *in forma pauperis* ("IFP"), as well as a motion for appointment of counsel.

Plaintiff's complaint and accompanying motions have been forwarded to me for initial review. For the reasons set forth below, plaintiff's IFP application is granted, his motion for appointment of counsel is denied, and I recommend that his complaint be dismissed with leave to replead.

I. BACKGROUND

Plaintiff commenced this action on or about July 1, 2015. Dkt. No. 1. As defendants, plaintiff's complaint names Herbert Mandell, Anthony Hutchsion, Scott Andrews, and Alvin Moran, all of whom are described as plaintiffs' past co-workers of plaintiff's at a Wal-Mart store located in Vestal, New York, where plaintiff worked until the termination of his employment in

or about September 2014.[2] *Id.* at 3. Plaintiff suffers from multiple physical disabilities, including a weak spot on his neck from surgery, and is a brain cancer survivor. *Id.* at 4. In his complaint, plaintiff alleges that the four defendants harassed him on the basis of his disabilities and created a hostile work environment at his place of employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12,101 *et seq.*[3]

In his complaint, plaintiff recounts his efforts to secure relief from the New York State Division of Human Rights ("NYSDHR"). Dkt. No. 1 at 2. According to a right-to-sue letter received by the plaintiff from the Equal Employment Opportunity Commission ("EEOC"), the state agency conducted an investigation and issued findings. Dkt. No. 1-1 at 2. Plaintiff's submission includes the discrimination complaint filed with the NYSDHR as a result of his employment termination, Dkt. No. 1-1 at 152-167, but does not provide any indication as to the determination rendered by that agency.

Plaintiff's complaint was accompanied by an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. In that application, plaintiff

---

[2] It appears that plaintiff's employment at Wal-Mart was terminated on September 4, 2014. Dkt. No. 1-1 at 104. The reason given for his termination was his use of a cell phone during work hours in violation of company policy. *See* Dkt. No. 1-1 at 3-10.

[3] Based on exhibits submitted by plaintiff in support of his complaint, it appears that, in the past, he requested and was granted an accommodation for his disabilities by Wal-Mart. *See, e.g.,* Dkt. No. 1-1 at 96.

3

states that he receives disability or workers' compensation payments. *Id.* at 2. It does not, however, provide the required information concerning the source and amounts of money received and how much he expects to receive in the future. *Id.*

Along with his complaint and IFP application, plaintiff has also submitted a motion for the appointment of counsel. Dkt. No. 3. Plaintiff states that he has been unable to obtain counsel through the Legal Aid Society of Midwestern Broome County's *Pro Se* Assistance Program and cannot afford an attorney because he receives only Social Security disability income. *Id.* Once again, the motion fails to state the amounts of those payments. *Id.*

II.  DISCUSSION

   A.  IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. §

1915(a)(1).[4] In this instance, as noted above, plaintiff's IFP application is incomplete in that he fails to specify the amount of Social Security disability benefits he receives each month. Dkt. No. 2 at 2. Notwithstanding this failure, I find, based on the IFP application and motion for appointment of counsel, that plaintiff's sole source of income is from Social Security disability payments, and, taking judicial notice that the extent of those payments is modest, I conclude that he satisfies the requirements for IFP status. Accordingly, his application for leave to proceed IFP is granted.[5]

B. <u>Sufficiency of Plaintiff's Complaint</u>

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e)

---

[4] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[5] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

5

directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the

complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

Liberally construed, plaintiff's complaint raises a single claim under the ADA, alleging that the four individual defendants, all of whom worked with plaintiff at the Vestal Wal-Mart store at the relevant times, violated the ADA by creating a hostile work environment based on his disabilities. *See generally* Dkt. No. 1.

The ADA prohibits discrimination by a covered entity against a qualified individual on the basis of disability in connection with employment. 42 U.S.C. § 12112(a); *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir. 1999). The term "covered entity" is defined to include an employer. 42 U.S.C. § 12111(2); *Heyman*, 198 F.3d at 72. Subject to exceptions not relevant to

this case, the term "employer," in turn, is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person[.]" 42 U.S.C. § 12111(5)(A). Applying this definition, as well as the reasoning of prior decisions deciding the question of individual liability in the context of claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*,[6] courts within this circuit have routinely held that individuals may not be held liable for damages under the ADA. *Noia v. Orthopedic Assocs. of Long Island*, No. 14-CV-1730, 2015 WL 520368, at *3 (E.D.N.Y. Feb. 9, 2015); *Nadolecki v. N.Y. State Dep't of Taxation & Fin.*, No. 09-CV-3888, 2011 WL 2446491, at *9 (E.D.N.Y. May 17, 2011). Plaintiff's claims under the ADA against defendants in this case are therefore subject to dismissal. Accordingly, I recommend that plaintiff's complaint, which names only individuals as defendants, and not plaintiff's employer, be dismissed.

---

[6] *See, e.g., Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998)).

## C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy").

In this instance, it is possible that plaintiff could allege the existence of a hostile work environment claim under the ADA against his former employer, the operator of the Wal-Mart store in Vestal, New York.[7] Accordingly, I recommend that plaintiff be granted leave to amend his complaint in this regard.

In the event plaintiff chooses to file an amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific

---

[7] It appears that plaintiff's employer is Wal-Mart Stores East, LP, which operates the store in Vestal, identified as "Store #1835." Dkt. No. 1-1 at 14.

9

allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in his amended complaint, plaintiff must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

    D.    <u>Motion for Appointment of Counsel</u>

In addition to commencing this action and requesting leave to proceed IFP, plaintiff has moved for the appointment of *pro bono* counsel to represent him in this matter. District courts are afforded broad, though not limitless, discretion in determining whether to appoint counsel to represent

indigent civil litigants. 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986). In *Hodge*, the Second Circuit noted that, when exercising that discretion, the court should first determine whether the indigent's position seems likely to be of substance. *Hodge*, 802 F.2d at 60. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62; *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994).

In this instance, as is reflected above, plaintiff's claims against the four named defendants lack merit. Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to renewal.[8]

---

[8] Plaintiff is advised that, as a prerequisite to requesting appointment of *pro bono* counsel, he must first demonstrate his inability to obtain counsel through the private sector or public interest firms. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge*, 802 F.2d at 61). While plaintiff has indicated an attempt to contact one public interest entity, he has not demonstrated his inability to obtain representation through other avenues. Plaintiff is encouraged to make attempts to obtain counsel from either a private law firm or other public interest legal organizations, such as

III. SUMMARY, ORDER, AND RECOMMENDATION

Despite the fact that plaintiff's IFP application is technically incomplete, the court takes notice of the modest amounts of income presumably received by him in the form of Social Security disability payments and therefore will grant his IFP application. Turning to a review of the merits of his complaint, I conclude that plaintiff cannot maintain an action for damages under the ADA against the individual defendants named in his complaint, and therefore recommend dismissal of his claims against them. In light of this determination, I also find that his application for appointment of *pro bono* counsel lacks merit. Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby

ORDERED that plaintiff's motion for appointment of *pro bono* counsel to represent him in this action (Dkt. No. 3) is DENIED, without prejudice; and it is further hereby

ORDERED that the clerk is respectfully directed to adjust the court's records in this matter to reflect the correct spelling of defendant Mandell's first name as "Herbert"; and it is further hereby respectfully

---

the Syracuse University College of Law Disability Rights Clinic, before renewing his motion for the appointment of counsel.

RECOMMENDED that plaintiff's complaint in this action be dismissed, in its entirety, with leave to replead within thirty days of the date of any decision from the assigned district judge adopting this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 1, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge